UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS CASSADY,<br><br>　　Plaintiff,<br><br>　　v.<br><br>ROADLINK USA MIDWEST LLC, UNION PACIFIC RAILROAD COMPANY and RTS HOLDINGS, LLC,<br><br>　　Defendants. | Case No. 12-cv-878-JPG-SCW |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Thomas Cassady's motion for reconsideration (Doc. 80) of the Court's November 21, 2013, order (Doc. 79) granting the motion to intervene filed by RTS Holdings, LLC ("RTS") (Doc. 76) and denying Cassady's motion for default judgment against defendant RoadLink USA Midwest, LLC ("RoadLink") (Doc. 69). Those orders were entered by District Judge G. Patrick Murphy before this case was transferred to the undersigned judge. Intervenor RTS has responded to the motion to reconsider (Doc. 83), and Cassady has replied to that response (Doc. 86). Cassady has also asked the Court for a hearing (Doc. 87).

Cassady invokes Federal Rule of Civil Procedure 60(b)(1) and (6) as authority for his request. However, Rule 60(b), by its terms, only applies to final judgments, not interlocutory orders like the ones Cassady seeks to reverse. *See Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571 (7th Cir. 2006). With respect to interlocutory orders, "[a] court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983));

Fed. R. Civ. P. 54(b) (providing a non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). The decision whether to reconsider a previous ruling in the same case is governed by the law of the case doctrine. *Santamarina*, 466 F.3d at 571-72. The law of the case is a discretionary doctrine that creates a presumption against reopening matters already decided in the same litigation and authorizes reconsideration only for a compelling reason such as a manifest error or a change in the law that reveals the prior ruling was erroneous. *United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008); *Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007).

I. **Motion to Intervene (Doc. 76)**

Cassady asks the Court to reconsider its decision to grant RTS's motion to intervene (Doc. 76) because Cassady was not given a fair opportunity to respond to the motion. RTS filed the motion on November 15, 2013, and the Court ruled on the motion six days later. It did not allow the full 14-day response period provided by Local Rule 15.1(g). The Court believes the failure to allow Cassady an opportunity to respond to the motion to intervene would be manifestly unjust and that reconsideration of the order granting the motion to intervene is warranted. Accordingly, the Court will vacate the portion of the Court's November 21, 2013, order (Doc. 79) granting that motion, will reinstate RTS's motion to intervene (Doc. 76) and will allow Cassady 14 days from the date of this order to respond to the motion.

II. **Motion for Default Judgment (Doc. 65)**

Apparently the Court believed the motion for default judgment (Doc. 65) was moot in light of RTS's intervention. Regardless of whether this ruling was correct, for a different reason, the Court will not reconsider the denial of the motion. Cassady asks for default judgment against RoadLink, but the claims against defendant Union Pacific Railway Company ("Union Pacific") are still pending. Thus, any judgment entered by the Court against RoadLink at this time must be

pursuant to Federal Rule of Civil Procedure 54(b), which permits the Court to certify for appeal a judgment resolving all claims against one party. *See National Metalcrafters, Div. of Keystone Consol. Indus. v. McNeil,* 784 F.2d 817, 821 (7th Cir. 1986). Rule 54(b) states:

> **Judgment on Multiple Claims or Involving Multiple Parties.** When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

In determining whether to grant judgment under Rule 54(b) the Court must first determine whether the judgment is final in the sense that it is "'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). Then, the Court must determine whether there is any just reason for delay, taking into account the interests of judicial administration and the equities involved. *Curtiss-Wright*, 446 U.S. at 8; *Schieffelin & Co. v. Valley Liquors, Inc.*, 823 F.2d 1064, 1065-66 (7th Cir. 1987). In attempting to prevent piecemeal litigation, the Court should "consider such factors as whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright*, 446 U.S. at 8; *see ODC Commc'ns Corp. v. Wenruth Inv.*, 826 F.2d 509, 512 (7th Cir. 1987).

The decision to certify a final judgment as to fewer than all claims in a case is left to the sound discretion of the district court. *Curtiss-Wright*, 446 U.S. at 8; *Schieffelin*, 823 F.2d at 1065. However, district courts are not to utilize Rule 54(b) unless there is a good reason for doing so.

*United States v. Ettrick Wood Prods., Inc.*, 916 F.2d 1211, 1218 (7th Cir. 1990). Ordinarily, a default judgment should not be entered against one defendant until the matter has been resolved as to all defendants. *Home Ins. Co. of Ill. v. Adco Oil Co.*, 154 F.3d 739, 741 (7th Cir. 1998) (citing *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872)). In certifying a ruling for immediate appeal under Rule 54(b), a district court must expressly determine that there is no just reason for delay, using that exact phrase, and expressly direct that final judgment be entered. *See Granack v. Continental Cas. Co.*, 977 F.2d 1143, 1144-45 (7th Cir. 1992).

The Court finds that Cassady has not provided any good reason why the Court should issue multiple judgments in this case. The claims against RoadLink are inextricably intertwined with those against Union Pacific and, combined, are alleged to have resulted in Cassady's damages. The claims against RoadLink and Union Pacific are clearly not separable from each other and are, in fact, unified claims. Thus, a Rule 54(b) judgment entered against RoadLink would not be "an ultimate disposition" of Cassady's claims. Furthermore, allowing the claims to proceed separately at the trial court level would not be wise administration of judicial resources, and Cassady has not presented any equitable reason to issue a Rule 54(b) judgment.

For the foregoing reasons and pursuant to the Seventh Circuit Court of Appeals' express preference not to enter default judgment prior to resolution of claims against all defendants, the Court will decline to certify the termination of the claims against RoadLink under Rule 54(b) and accordingly will deny without prejudice Cassady's motion for default judgment (Doc. 69). The plaintiffs may reapply for default judgment, if appropriate, when all claims against Union Pacific have been resolved.

Because the Court has been able to resolve the pending motion for reconsideration based solely on the papers filed without a hearing, the Court will deny Cassady's motion for a hearing (Doc. 87).

The Court makes one final observation. The parties apparently believe RTS has also filed a motion to set aside entry of default against RoadLink and a motion for default judgment. However, those motions were filed as attachments to the motion to intervene (Doc. 76), not as motions in and of themselves. Thus, they have never been pending, were not granted by the Court's November 21, 2013, order, and will receive no ruling unless RTS is allowed to intervene and the motions are properly filed as motions.

### III. Conclusion

For the foregoing reasons, the Court:

- **GRANTS in part** and **DENIES in part** Cassady's motion for reconsideration (Doc. 80);

- **VACATES** the portion of the Court's November 21, 2013, order (Doc. 79) granting RTS's motion to intervene (Doc. 76);

- **REINSTATES** RTS's motion to intervene (Doc. 76);

- **ORDERS** that Cassady shall have 14 days from the date of this order to respond to RTS's motion to intervene, and RTS shall have 7 days from Cassady's response to reply; and

- **DENIES** Cassady's motion for a hearing (Doc. 87).

**IT IS SO ORDERED.**
**DATED: February 26, 2014**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**